UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HUBBERT,

    Petitioner,

    v.

RANDALL HAAS,

    Respondent.

_____/

Case No.14-12225
HON. TERRENCE G. BERG

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING PERMISSION TO APPEAL *IN FORMA PAUPERIS***

Christopher Hubbert ("Petitioner"), a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to commit murder, M.C.L. § 750.83, and possession of a firearm in the commission of a felony ["felony-firearm"], M.C.L. § 750.227b. For the reasons stated below, the application for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

### I.     FACTUAL BACKGROUND

Petitioner pleaded *nolo contendere* to the above offenses in the Wayne County Circuit Court and was sentenced to three to fifteen years in prison on the assault with intent to commit murder charge and an additional two years on the felony-firearm charge.

After his conviction and sentence, Petitioner did not file a direct appeal. Instead, Petitioner states that he filed a post-conviction motion for relief from judgment with the trial court, and that this motion for post-conviction relief was denied.[1] However, Petitioner did not appeal the denial of this motion to the Michigan Court of Appeals or Michigan Supreme Court. *See* Dkt. 1, Petition for Writ of Habeas Corpus, p. 3.

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. Violation of Due-Process of Law.

II. False Arrest/False Imprisonment.

III. Illegal Search and Seizure.

IV. Violation of *Brady*.

V. Ineffective Assistance of Counsel.

VI. Denial of Right to Appeal.

VII. Preliminary Examination Hearing.

VIII. Violation of Prompt Arraignment/Unnecessary Delay.

## II. DISCUSSION

The instant petition is subject to dismissal because federal law requires that, in order to bring a habeas petition, a Petitioner must first advance his case through all available state procedures; that is, his claims must be properly "exhausted" in

---

[1] The petition lacks sufficient detail for the Court to discern the exact nature of Petitioner's prior state court filings. It is unclear whether Petitioner's prior post-conviction motion for relief from judgment presented any of the eight claims that he is now raising in this petition; indeed, Petitioner appears to state that he raised these claims for the first time in a separate, "state habeas petition." *See* Dkt. 1 at pp. 6-14. Regardless, as will be discussed further below, it appears that Petitioner has failed to exhaust the available state court remedies as to either the motion for relief from judgment or the state habeas petition before filing the instant petition.

the state courts before he is allowed to bring a habeas petition in federal court. Because it does not appear that Petitioner has raised these claims through all the available state processes, his petition must be dismissed.

The federal statute governing habeas corpus petitions provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1)(A) and (B).

A state prisoner seeking federal habeas relief must, therefore, first exhaust his available state court remedies before raising a claim in federal court. *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Consistent with this, the Antiterrorism and Effective Death Penalty Act ("AEDPA") has preserved the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *see also Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich.

3

1999). Thus, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Moreover, a habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). Further, the failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir. 1969). In this case, the petition is subject to dismissal because Petitioner has failed to state that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 F. App'x 534, 535 (2nd Cir. 2003); *see also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Petitioner does indicate that he filed a post-conviction motion for relief from judgment with the trial court, which he claims was denied. However, Petitioner also appears to state that he did not raise any of the eight claims now raised in this petition before the Michigan courts on either direct appeal or in a post-conviction motion for relief from judgment. To the extent that the eight claims raised in this petition are being raised for the first time, they are clearly "un-exhausted" (they were never raised, and appealed, through the state court procedures).

Likewise, even if Petitioner presented his current claims in a post-conviction motion for relief from judgment, the claims are not yet exhausted because Petitioner failed to appeal the denial of the post-conviction motion to the Michigan Court of Appeals or the Michigan Supreme Court. In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, and fails to do so, the petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell,* 464 F.2d 639, 644-45 (6th Cir. 1972). Because Petitioner failed to complete the appellate process for any post-conviction motion that he may have filed, he has failed to satisfy the exhaustion requirement for any claims presented in that motion. *See e.g. Paffhousen v. Grayson,* 238 F.3d 423 (Table), No. 2000 WL 1888659, at *2 (6th Cir. December 19, 2000)*; Mohn v. Bock,* 208 F. Supp. 2d at 800.

Finally, although the record before the Court does not allow the Court to confirm this, Petitioner seems to suggest in the body of his petition that he may have filed a *state* petition for habeas corpus, and that this state petition included the claims he now seeks to raise in his federal petition. Even assuming that

5

petitioner did file a state habeas petition raising these same claims in the Wayne County Circuit Court, filing a state habeas action is insufficient to satisfy the exhaustion requirement.

Michigan law states that an action for habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. M.C.L. § 600.4310(3). This statutory prohibition is consistent with Michigan case law providing that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-415; 303 N. W. 2d 218 (1981) (citing *People v. Price,* 23 Mich. App. 663, 669; 179 N.W. 2d 177 (1970)). This is because a writ of habeas corpus in Michigan may only be used to challenge radical defects which render a judgment or proceeding absolutely void. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 780; 371 N. W. 2d 862 (1985) (citing *In Re Stone,* 295 Mich. 207; 294 N.W. 156 (1940)). A judgment which is merely erroneous, rather than void, is subject to [appellate] review and may not be collaterally attacked in a habeas proceeding. *Id.* This policy of limiting habeas proceedings in Michigan is "premised on the concern that such an action may be abused and substituted for normal appellate proceedings." *Walls v. Director of Institutional Services Maxie Boy's Training School,* 84 Mich. App. 355, 357; 269 N. W. 2d 599 (1978).[2] Thus,

---

[2] This reasoning is also consistent with M.C.R. 6.501, which states that "[u]nless otherwise specified by these rules, a judgment of conviction and sentence entered by the circuit [or Recorder's] court not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter;" that is, by the filing of a post-conviction motion for relief from judgment. Further, the 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable

because M.C.L. § 600.4310(3) does not permit the use of a state habeas action to challenge the legality of a conviction, Petitioner could not have used such an action to meet the exhaustion requirement. *See Nabors v. Warden, U.S. Penitentiary at Lewisburg, Pa.,* 848 F.2d 192 (Table), 1988 WL 50635, at *1 (6th Cir. May 23, 1988); *see also McPharlin v. Woods*, 2008 WL 4534234, at *1 (E.D. Mich. October 6, 2008).

A statutory exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. 28 U.S.C. § 2254(b)(1)((B); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d at 676. A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Petitioner appears to argue that exhaustion of state court remedies should be excused because substitute appellate counsel was never appointed to represent him on his direct appeal. Petitioner does not offer any reasons why he sought the substitution of his original appellate counsel. Regardless, the failure of the state trial court to appoint substitute counsel to assist Petitioner with his appeal does not excuse petitioner from attempting to exhaust the issues raised in this petition with the Michigan appellate courts. *See Pillette v. Foltz,* 824 F.2d 494, 498 (6th Cir. 1987) (petitioner's failure to meet exhaustion requirement could not be excused on

---

to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added).

grounds of futility merely because state trial court rejected petitioner's request for appointment of state counsel, where there was no indication that Petitioner had filed for post-conviction relief or that the state court would refuse to properly consider such motion). Other federal circuit courts of appeal have reached the same conclusion. *See, e.g., Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983); *Reynolds v. Lockhart,* 497 F.2d 314, 316-317 (8th Cir. 1974); *In Re Joiner,* 58 F.3d 143, 144 (5th Cir. 1995). Petitioner has therefore failed to show that it would be futile for him to attempt to exhaust his state court remedies, merely because he was denied the assistance of substitute appellate counsel.

Petitioner has failed to exhaust his state court remedies but it is possible that he may still have an available state court remedy with which to do so.[3] Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of Petitioner's application for a writ of habeas corpus would be inappropriate, because all of Petitioner's claims appear unexhausted and thus, the Court lacks jurisdiction over the petition while the Petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 F. App'x 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *see also Meyer v. Warren,* 2006 WL 2644991, at *3 (E.D. Mich. September 14, 2006).

---

[3] If petitioner has not yet filed a post-conviction motion for relief from judgment in the Wayne County Circuit Court, he could do so. To the extent that he has already filed such a motion and been denied by the trial court, he may still be able to appeal the denial of this motion to the Michigan appellate courts.

Accordingly, the Court will summarily dismiss the petition for writ of habeas corpus without prejudice.

### III.    CERTIFICATE OF APPEALABILITY

The Court will also deny a certificate of appealability to Petitioner, for "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* Accordingly, the Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust an available state court remedy with respect to his conviction. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

The Court will also deny Petitioner leave to appeal *in forma pauperis,* because an appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.   CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED,** and Petitioner is **DENIED** leave to appeal *in forma pauperis.*

Dated: June 25, 2014               s/Terrence G. Berg
                                   TERRENCE G. BERG
                                   UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 25, 2014, using the CM/ECF system; a copy of this Order was also addressed to Petitioner and mailed to 857879 G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, Michigan 49221.

                                   s/A. Chubb
                                   Case Manager